## THE WEBSTER CITY AND CROOKED CREEK R'Y CO. v. NEWSON ET AL.

1. **Occupying Claimant:** TITLE DEFEATED: ACTION FOR IMPROVEMENTS: RIGHT TO POSSESSION: NEW IMPROVEMENTS. Where one has been in possession of land, but his title has been defeated, and he has brought an action under the occupying claimant law to recover for improvements made on the land, he is entitled, pending the action for improvements, to retain such possession of the land as he had before, but he may properly be restrained from making further improvements thereon.

*Appeal from Webster Circuit Court.*

WEDNESDAY, DECEMBER 15.

THIS is an action in equity by which the plaintiff seeks to quiet its title to fourteen acres of land, and to prevent the defendants from entering upon the same and taking possession thereof. There was an injunction restraining the defendants from entering upon or breaking up the land, and upon a final hearing there was a decree declaring plaintiff to be the unqualified owner in fee of the land, and the injunction was continued and made perpetual. Defendant appeals.

*R. S. Ervin* for appellants.

*Chase & Chase,* for appellee.

ROTHROCK, J.—The land in controversy adjoins the right of way of the plaintiff's railroad, and is a part of the N. E. ¼ of section 1, township 88, range 28. This quarter section is a part of what is called the " Des Moines River Grant." The plaintiff claims the land by a regular chain of title from the United States, and the title does not appear to be questioned, except as it may be affected by certain proceedings under the occupying claimant law. It appears that one Goodchild claimed the quarter section, probably under the pre-emption laws. An action was brought against him by one Wells, who held the patent title. This action was in the circuit court of Webster county, and its object was to recover the land. B. C. Newson, the principal defendant herein, was made a party to that action, and on the twenty-fourth day of September, 1874, a decree was entered for the plaintiff for the whole quarter section. Before any process issued to put the defendants out of possession, said B. C. Newson filed a petition under the occupying claimant law, demanding some $3,000 for improvements on the land. No further action was taken in that case, and the petition for payment for

improvements is still pending in the court in Webster county. On the first day of December, 1876, the plaintiff in the action in Webster county, and while the petition for improvements was pending, conveyed the land in controversy to the plaintiff herein. As we understand it, the defendant concedes that the plaintiff is the owner of the land, but it is insisted that defendant is entitled to the possession until the claim for improvements shall be determined.

There is a controversy between the parties as to which of them was in the actual possession of the land before this suit was commenced. The plaintiff's witnesses declare positively that plaintiff was in possession, and the defendant's witnesses declare as positively, and even vehemently, that the defendant was in possession. The fact is that the plaintiff owned a right of way for its railroad, which it obtained from Wells before it bought the land in dispute, and all that it has done in the way of taking actual possession has been within the right of way, and not on the land now claimed by the defendant. The land appears to have been without inclosure, and in a wild state, until a short time before the commencement of this suit, and all the actual possession the defendant had was that he probably cut some grass upon it. But it was a part of the tract of which he was an occupying claimant, and his possession, such as it was, should be held to be as broad as the claim. But he was not content to remain in possession as he was when the land was adjudged as not belonging to him. A short time before this suit was commenced, he undertoook to make further improvements, by building fences and inclosing this land, and by breaking up the sod. These acts led to this litigation. Instead of making new improvements, he should have prosecuted his claim for the improvements he made before he was adjudged not to be the owner of the land.

There can be no valid objection to the decree so far as it declared the plaintiff to be the owner of the land, and, as the defendant insists that the plaintiff was not in actual posses-

sion, the defendant was not injured by any act of the plaintiff; and so far as the decree enjoins the defendant from making improvements on the land, we think it is correct. But so far as the decree interferes with such possession as the land outside of the right of way, in its present condition, is capable of, and so far as it authorizes the plaintiff to hold the possession of the land, we think it cannot be sustained. The decree will be modified so as to leave the land in possession of the defendant for such uses as he may deem proper, without making any improvements thereon. This appears to us to be fair to both parties, for the plaintiff has the undoubted right to make itself a party to the proceeding under the occupying claimant law, and compel defendant to bring it to trial.

MODIFIED AND AFFIRMED.